## Chesapeake & O. Ry. Co.

### *v.*

### Lash's Adm'r.

(*Supreme Court of Appeals of Virginia, April 2, 1896.*)

[24 S. E. Rep. 385.]

**Master and Servant—Railroads—Defective Cars—Notice to Brakeman.**

A brakeman cannot, as a matter of law, be held to be negligent in failing to discover that the bumpers on cars he is about to couple were rotten, and so defective as to permit the cars to come almost together, so as to prevent a recovery for his death, caused by such defects.

**Same—Same—Same—Same.**

Chalk marks, meaning "Out of order," placed on the cars to inform the road from which they were received that the cars were out of order when received, and that the defendant company was, therefore, not liable for their repair, are not, as a matter of law, notice to a brakeman that the bumpers are defective, so as to prevent a recovery for his death caused thereby in coupling the cars.

**Same—Same—Duty of Master.**

A master is required, as affects his liability to his servant, to use ordinary care in supplying and maintaining adequately safe instrumentalities for the performance of the work.

**Same—Same—Action by Servant—Notice of Defects.**

Where, in an action by a servant against his master, it is admitted that the master was negligent in supplying defective appliances, the only issue involved being as to the servant's notice of the defects, error in instructing as to the master's duty to furnish proper appliances is not prejudicial to the master.

Appeal from circuit court of city of Lynchburg.

Action by John P. Beard, administrator of F. A. Lash, deceased, against the Chesapeake & Ohio Railway Company. From a judgment for plaintiff, defendant appeals.    Affirmed.

*Kirkpatrick & Blackford,* for appellant.

*John L. Lee* and *Caskie & Coleman,* for appellee.

Harrison, J., delivered the opinion of the court.

The evidence, not the facts, being certified, this case must be considered in the light of the familiar rule of a demurrer to evidence.

The plaintiff's intestate was in the employ of the defendant company as brakeman, and was discharging his duty coupling freight cars in the shifting yard of the defendant at the city of Lynchburg.    While thus engaged, he was caught between two cars, and crushed to death.    These cars were dreadfully out of order, the bumpers so badly worn and rotted that when brought together to be coupled there was but a few inches of space between them, and it was in consequence of this defective condition of the cars that plaintiff's intestate was killed.    The defendant insisted that these defects were so open and obvious that it was negligence in the deceased to attempt to couple the cars by going between them.    This contention is not sustained by the proof; on the contrary, it appears that an inspection was necessary to discover the condition of the cars, and that in the hurry incident to the work of deceased he could not have observed the danger.

It is further insisted that the deceased had notice of the imperfect condition of the cars, in this : that certain chalk marks, which meant "Out of order," had been placed on the sides of each car, and that deceased ought to have been warned thereby. There is no evidence that the attention of the deceased was called in any way to these marks.    The cars had only been in

the yard a few hours, and deceased was not familiar with them. And, further, it fully appears that these marks were never intended as a warning to brakemen not to discharge the duties incident to their employment in the usual mode, but were put there for another and entirely different purpose, viz. to inform the road from which they came that the cars were out of order when received, and that defendant was, therefore, not responsible for their repair.

It is further insisted that deceased was warned of the dangerous condition of these cars by a fellow brakeman. There is no evidence that this warning was heard ; on the contrary, the situation of the parties, their surroundings, and the noise incident to the occasion, all justify the conclusion that it was not heard.

The master is bound to use ordinary care in supplying and maintaining adequately safe instrumentalities for the performance of the work required, and if he fails in the performance of this duty he is liable to the servant as he would be to a stranger. This doctrine has been so often asserted by courts that it can be no longer regarded an open question. Railroad Co. v. George, 88 Va. 223, 13 S. E. 429.

It was gross negligence in the defendant company to use cars in the condition these are shown to have been, without bringing home to their employees actual notice of their defects, and the danger to be incurred in handling them.

The deceased was guilty of no contributory negligence. The evidence shows that he was not aware of the danger, and that his life was lost in consequence of the failure of his employer to use ordinary care in supplying and maintaining adequately safe instrumentalities for the performance of the work required.

Under such circumstances, the right of the plaintiff to recover is clear.

Objection is made to the second instruction given upon the

trial, which relates to the duty of the company to supply and maintain safe and adequate machinery. It is unnecessary to pass upon the questions raised touching this instruction. The negligence of the company in failing to exercise reasonable care in furnishing safe machinery is conceded. The only question to be determined was, did the deceased have notice of the defective condition of the cars? This, we have seen, he did not have. The instruction therefore could not have been prejudicial to the defendant.

There is no error in the judgment of the circuit court, and it is affirmed.